IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE EGGERS, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | 2:06-cv-862-JHH |
| UNITED STATES OF AMERICA, | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OF DECISION**

The court has before it the Petition for Writ of Mandamus (Doc. #1)[1] filed May 2, 2006, the motion (Doc. #2) to proceed *in forma pauperis,* and the motion (Doc. #3) seeking permission to supply to the court only one copy of a multi-page appendix. The factual background of the petition begins in 1985 in California when petitioner was detained by deputy sheriffs of the San Bernardino County Sheriff's Department (led by Detective Wayne Smith Leo) along with investigators of the FBI. He alleges that events occurring in connection with that detention caused or magnified psychological problems entitling him to protection under the Victim and Witness Protection Act of 1982, 18 U.S.C. § 1501-1518

---

[1] Petitioner expressly asserts that his document is "NOT A HABEAS CORPUS".

because he was an informant for law enforcement agencies. Moving forward to December of 2002, petitioner was arrested (apparently in Walker County, Alabama) by FBI agents, subsequently charged with two counts of capital murder in the Circuit Court of Walker County, and convicted of capital murder associated with the death of Beanie Frances Murray. He currently is in custody of the Alabama Department of Corrections. Petitioner asserts that federal agents violated his constitutional rights during his apprehension and the proceedings associated with the capital murder charges. He alleges that the State of Alabama and the federal government suppressed evidence apparently related to the events occurring in California in and subsequent to 1985 and that they failed to provide assistance to him under the Victim and Witness Protection Act of 1982. Apparently he sought assistance from federal employees to help him with an insanity defense he raised in the Circuit Court of Walker County. Petitioner alleges that he was not found credible as "he had no evidence to support his allegations." He further alleges that:

> Evidence was suppressed by the federal agencies, false statements, perjured testimony, false documentation and government manipulation was utilized by these agents in their representation of these agencies to cover up and protect said agencies and obtain an unlawful conviction.

Petitioner asserts that the Writ of Mandamus should issue because "The federal agencies have refused to investigate assertions made by the petitioner with respect to 18 USC § 1001 and 18 USC § 1512." He also asserts:

> The attorney general has refused to provide legal assistance, competent within the scope of such subject matter as per Title 28 USC § 509, § 574, § 515(a), § 576, § 577, § 518(b) and § 519 as the petitioner was in fact an employee under the definitions of Title 28 USC § 2671 "A person acting on behalf of a federal agency in an official capacity, temporarily or permanantly in the service of the United States, whether with or without compensation" and such psychological hardships were derived from such services and intimidation thereafter which led to the wrongful death of an innocent individual, which should have prompted an investigation and changed jurisdiction as per Title 28 USC § 1346, 28 USC § 1331.(sic)

Section 1915A of Title 28 requires a court to review "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon review, the court is required to dismiss the complaint if it is frivolous or if it fails to state a claim upon which relief may be granted. Viewing all documents filed with the court as petitioner's complaint, neither the complaint nor any portion thereof states a cognizable claim upon which relief may be granted. Further, the complaint is wholly frivolous.

A separate order will be entered denying the motion (Doc. #2) to proceed *in forma pauperis*, granting the motion (Doc. #3) to supply one copy of a multi-page appendix, and dismissing this action.

**DONE** this the ___9th___ day of May, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE